IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAKE TRAVIS ER, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 1:22-cv-651 |
| | § | |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, | § § § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Health Care Service Corporation, a mutual legal reserve company doing business in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX"), for the purpose only of removing this cause to the United States District Court for the Western District of Texas, Austin Division, states:

1. **State Court Action.** This action was filed on April 28, 2022, in the 345th Judicial District Court, Travis County, Texas, Cause No. D-1-GN-22-001986 (the "State Court Action"). Plaintiff seeks to recover medical benefits and monetary relief in the amount of $113,935.39 or more. [*See* Pet. ¶ 10.] Plaintiff asserts claims against BCBSTX for breach of implied contract, violations of the Texas Insurance Code, and quantum meruit. Plaintiff has not requested a jury trial.

2. **Diversity of Citizenship.** This action is removable under 28 U.S.C. §§1332, 1441, and 1446 inasmuch as the amount in controversy exceeds $75,000.00 and is between parties with diverse citizenship. Plaintiff is a citizen of Texas. [Pet. ¶ 3.] BCBSTX is an Illinois company, with its principal place of business in Chicago, Illinois. [Ex. A.] Therefore, Plaintiff is a citizen of Texas,

and Defendant is a citizen of Illinois, for removal and diversity purposes. There is complete diversity of citizenship between Plaintiff and BCBSTX at the time of filing suit and at the time of removal. [*See* Ex. A ¶ 2.] Plaintiff's Petition seeks payment of $113,935.39 in health care benefits from BCBTX. [Pet. ¶ 10.] *See Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4173429, at *3 (W.D. Tex. Sept. 14, 2021) (removing party may satisfy burden to prove amount in controversy exceeds $75,000 by "showing it is facially apparent from the petition the damages for the causes of action are more likely than not to exceed $75,000").  This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and BCBSTX has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (removal is proper and amount in controversy is satisfied when it is apparent from the face of the petition that plaintiff's claims are likely to exceed $75,000.00).

3.      **Removal is Timely.** Removal is timely under 28 U.S.C. § 1446(b) because BCBSTX was served with a copy of the Petition on May 3, 2022. *See* 28 U.S.C. §1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."). [*See* Ex. C.4] However, BCBSTX was unable to identify the underlying claim in dispute based on the information provided in the Petition. [*See* Ex. B]. On June 2, 2022, Plaintiff's counsel provided additional information via email that enabled BCBSTX to identify the underlying claim in dispute and determine that this matter is removable. [*Id.*] 28 U.S.C. § 1445(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise . . . other paper from which it may first be ascertained that the case is one which is or has become removable."); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013) (explaining "a

notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable"); *see also* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . .include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.").

4. **Removal is Proper.**  Based on the foregoing, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and this action is between citizens of different states.  Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

5. **State Court Documents Attached.** An index of matters filed in the state court action is attached hereto as Exhibit C. These documents constitute the only pleadings, process, or orders filed in the state court or received by BCBSTX. A list of all parties and counsel of record is attached as Exhibit D.

6. **Notice.**  Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

7. **Prayer.** Wherefore, BCBSTX respectfully requests that the United States District Court for the Western District of Texas, Waco Division, accept this Notice of Removal and that it assumes jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated: July 5, 2022

Respectfully submitted,

By: */s/ Amber D. Reece*
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Amber D. Reece
Texas Bar No. 24079892
amber.reece@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested and/or email on July 5, 2022.

*/s/ Amber D. Reece*
Amber D. Reece